**The document below is hereby signed.**

**Dated: February 21, 2012.**



_____
S. Martin Teel, Jr.
U.S. Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA
```

In re                          )
                               )
CAMILLE N. LUMPKIN,             )   Case No. 11-00795
                               )   (Chapter 13)
              Debtor.          )   Not for publication in
                               )   West's Bankruptcy Reporter

```
                  MEMORANDUM DECISION
       RE OBJECTION TO PROOF OF CLAIM OF AMERICREDIT
    FINANCIAL SERVICES, INC. FOR $16,324.37 + 19.75% INTEREST
```

AmeriCredit Financial Services, Inc. has filed two proofs of claim in this case, Claims Nos. 8-1 and 11-1 on the claims register, asserting a claim for $16,324.37 + 19.75% interest. The debtor has objected to Claim No. 8-1.

                                I

The status of the claims is:

   Claim No. 8-1:    Filed 01/06/2012
                    Objected to on 01/10/2012
                    Withdrawal filed on 01/16/2012

   Claim No. 11-1:   Filed 01/19/2012

Pursuant to Fed. R. Bankr. P. 3006, the debtor's objection (Dkt. No. 32) to Claim No. 8-1 prevents a withdrawal of that claim without a court order, and the withdrawal (Dkt. No. 36) will be

stricken.  Except for the date of filing, Claim No. 11-1 appears to be a duplicate of Claim No. 8-1, and I will direct the creditor to show cause why Claim No. 11-1 ought not be stricken as a duplicate of Claim No. 8-1.

## II

The proof of claim filed on January 6, 2012, asserts that the debt is secured by a lien on a motor vehicle worth $14,575.00.  The debtor objects to the amount claimed as secured based on the actual value of the collateral, which, according to the Kelley Blue Book valuation (appended to the objection), is only $12,139.00 retail for a vehicle of the same type in excellent condition.  That objection will be sustained, and the allowed secured claim will be limited to $12,139.00.

## III

The debtor also objects to the claimed 19.75% interest rate:

> Debtor submits that this rate is unconscionable, and that calculating a formula rate of interest based on the current prime rate (WSJ Prime Rate is 3.25%) would be fair and reasonable to all parties.  Debtor proposes an annual interest rate of 6.00% on the secured portion of Claimant's claim, which represents prime plus 2.75%.

The debtor's proposed order would direct that the claim be allowed as a secured claim in the amount of $12,139.00 with the balance of $3,185.37 being deemed unsecured, and that interest on the secured portion of the claim shall be at the rate of 6% per annum.  In other words, the debtor does not object to any of the prepetition interest included in the proof of claim.  As to

postpetition interest, the creditor's allowed claim is limited to the $12,139.00 value of the collateral, and does not include postpetition interest as part of the allowed claim.

Under 11 U.S.C. § 506(a)(1), the claim is an allowed secured claim only "to the extent of the value of such creditor's interest in the estate's interest in such property."  Further, 11 U.S.C. § 506(b) provides in relevant part that interest is allowable only to the extent that an allowed secured claim is secured by property the value of which is greater than the amount of such claim.  It follows that the allowed secured claim is limited to $12,139.00 with no postpetition interest being allowed as part of that allowed secured claim.  Under 11 U.S.C. § 502(b)(2), unmatured interest is not allowed as part of an unsecured claim.  Accordingly, postpetition interest is not allowed as part of the allowed claim, and the court's order will so direct.

The debtor's proposed order provides "that interest on the secured portion of the claim shall be at the rate of 6% per annum."  Because § 506(b) bars any interest on the allowed secured claim, what the debtor is addressing is a plan confirmation issue, namely, fixing a postconfirmation interest rate, to be included in making plan payments on the claim, that assures compliance with the requirement of 11 U.S.C. § 1325(a)(5)(B)(ii) that "the value, as of the effective date of

the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim." Because that is a confirmation issue, to be addressed incident to plan confirmation procedures, the court will not address at this time whether a postconfirmation interest rate of 6% would be appropriate under a plan.

Similarly, the court will not treat the proof of claim as presenting for adjudication the question whether an interest rate of 19.75% would be required under § 1325(a)(5)(B)(ii). The proof of claim asserts the contractual interest rate of 19.75%, and that is the interest rate to be used for purposes of computing an allowed claim to the extent that postpetition interest is allowable (which, here, it is not), and to the extent that nonbankruptcy law does not reduce or set aside that contractual rate. If the creditor wishes to assert that a 19.75% interest rate after the effective date of any confirmed plan should be used for purposes of assuring compliance with § 1325(a)(5)(B)(ii), that is a plan confirmation issue, and it will have to be addressed pursuant to plan confirmation procedures, not by way of a proof of claim.[1]

---

[1] The contractual rate of interest does not control what rate should be used for § 1325(a)(5)(B)(ii) purposes, *Till v. SCS Credit Corp.*, 541 U.S. 465, 478 (2004) (rejecting presumptive contract rate approach), but that does not preclude the receipt of evidence at the confirmation hearing attempting to show that a 19.75% interest rate would nevertheless be required to comply with § 1325(a)(5)(B)(ii).

4

IV

For purposes of confirming a plan, the so-called "hanging paragraph" of 11 U.S.C. § 1325(a)(5) makes § 506 inapplicable to certain claims.[2] The proof of claim here, however, shows that the claim arises from a motor vehicle purchased in 2007. This case, commenced in 2011, was not filed within the 910-day period after the vehicle was purchased as would be required for the hanging paragraph to apply. Accordingly, the hanging paragraph does not apply, and § 506 *will* apply for purposes of confirmation of a plan. That makes it academic what the allowed secured claim would be, and what interest it would bear, for purposes of a plan if the hanging paragraph applied.

V

An order follows allowing a secured claim of $12,139.00, an unsecured claim of $3,185.37, and disallowing any postpetition interest. A separate order requires the creditor to show cause why its proof of claim filed on January 19, 2012, ought not be

---

[2] Some decisions hold that this means that even oversecured claims to which the hanging paragraph applies are not entitled to postpetition interest as part of the allowed claim. *See, e.g., In re Leath*, 389 B.R. 494 (Bankr. E.D. Tex. 2008). By the same token, the reasoning of such decisions would even more clearly require that for purposes of a claim to which the hanging paragraph applies, postpetition interest is not allowed as part of the undersecured claim either.

disallowed as a duplicate of the claim filed on January 6, 2012.

[Signed and dated above.]

Copies to: Recipients of e-notification; and

James Hogan, Jr.
AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, TX 76096