The document below is hereby signed. Dated: April 10, 2012.



_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

```
            UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                           )
                                )
CAMILLE N. LUMPKIN,              )   Case No. 11-00795
                                )   (Chapter 13)
            Debtor.              )   Not for Publication in
                                )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
DISPOSING OF THE OBJECTION TO THE PROOF OF CLAIM THAT
AMERICREDIT FINANCIAL SERVICES, INC. FILED ON FEBRUARY 17, 2012

On February 17, 2012, Americredit Financial Services, Inc. filed a "supplemental claim" for $375 for "repossession or transport fees."  The trustee has objected to the claim. Americredit has failed to respond.

The court's order entered on February 21, 2012 (Dkt. No. 53), addressing another claim filed by Americredit, limited its allowed secured claim to $12,139.00, and allowed the balance of its claim as an unsecured claim.  Accordingly, the trustee is correct that the supplemental claim must be disallowed as a secured claim.

The trustee, however, goes further and seeks disallowance of the claim even as an unsecured claim.  The proof of claim is

prima facie valid. Fed. R. Bankr. P. 3001(f). The agreement attached to the proof of claim made the debtor personally liable for "collection costs." See Agreement at p.2, ¶ 3(c). The claim is thus allowable as an unsecured claim unless the claim falls within a category that is not allowable (like unmatured interest as of the petition date that is disallowed by 11 U.S.C. § 502(b)(2)). The trustee has identified no such basis for disallowance. She points to no aspect of the debtor's contract with the creditor or any other aspect of nonbankruptcy law that would provide a basis for disallowance of the claim under 11 U.S.C. § 502(b)(1).[1] Moreover, because the claim is a "supplemental claim," Americredit implicitly represents that it is seeking amounts beyond those already sought in the earlier proof of claim. The trustee has not contended that the fees of $375 were already included in the earlier proof of claim such as to make this a duplicate claim. It is thus

ORDERED that "supplemental claim" for $375 for "repossession or transport fees" filed by Americredit Financial Services, Inc. on February 17, 2012, Claim No. 13 on the court's claims

---

[1] Even if the fees were incurred postpetition the fact that they were contingent fees as of the petition date would not result in their disallowance. *See*, *e.g.*, *SNTL Corp. v. Centre Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 841–45 (9th Cir. 2009) ("fees arising out of a prepetition contract but incurred postpetition fall within the Bankruptcy Code's broad definition of claim," and such fees are to be added to the "unsecured claim under section 502").

2

register, is disallowed as a secured claim and is allowed as an unsecured claim in the amount of $375.  It is further

ORDERED that this order is without prejudice to a renewed objection to claim that identifies a basis upon which to disallow the claim as an unsecured claim.

[Signed and dated above.]

Copies to: Recipients of e-notification; and

James Hogan, Jr.
AmeriCredit Financial Services, Inc.
PO Box 183853
Arlington, TX 76096

3